UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CIVIL NO. 04-72197
                                     HON. LAWRENCE P. ZATKOFF
                                     MAGISTRATE JUDGE R. STEVEN WHALEN

ELENA SZILVAGYI, DAVID J.
SZILVAGYI, PATERNO M. DOREZA,
MANUELA DOREZA, PRIME CARE
SERVICES, INC., and SU-PRA
ENTERPRISES, INC., ET. AL.

        Defendants.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on JANUARY 6, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

      This matter is before the Court on Plaintiff's Motion for Entry of Final Judgment filed on November 15, 2005.  Defendants have not responded to Plaintiff's motion.  The Court finds that the facts and legal arguments are adequately presented in Plaintiff's papers and the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. MICH. LR 7.1(e)(2),

it is hereby ORDERED that the motion be resolved on the brief submitted. For the reasons set forth below, Plaintiff's Motion for Entry of Final Judgment is GRANTED.

## II. BACKGROUND

On June 14, 2004, Plaintiff filed the present suit for treble damages and civil penalties under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33. Plaintiff brought six counts against the Szilvagyis and Prime care, and sought damages of $2,548,972. On April 12, 2005, the Court dismissed Count VI, fraudulent conveyance. On October 25, 2005, the Court granted Plaintiff's Motion for Summary Judgment against the Szilvagyis and Prime Care on Counts I, II, and III (presenting false claims, making false records, and conspiracy to present false claims). The Court held the Szilvagyis and Prime care were liable for $2,528,972.

Plaintiff had filed the present motion for entry of final judgment pursuant to Rule 54(b), and to dismiss the remaining counts.

## III. LEGAL STANDARD

Rule 54(b) provides, in part, that:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The Sixth Circuit has held that Rule 54(b) "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Lowery v. Fed. Express Corp.*, 426 F.3d 817, 820 (6th Cir. 2005) (quoting *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 60 (6th Cir. 1986)). The Sixth Circuit has also

held that:

> Rule 54(b) certification requires two independent findings. First, the district court must expressly "direct the entry of final judgment as to one or more but fewer than all the claims or parties" in a case. Second, the district court must "expressly determine that there is no just reason" to delay appellate review.

*General Acquisition v. Gencorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1993) (citations omitted). With regards to the second determination, the Sixth Circuit has held that courts must consider:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Lowery*, 426 F.3d at 822 (citations omitted).

### IV.  ANALYSIS

The first requirement for Rule 54(b) certification is satisfied: entry of judgment against the Szilvagyis and Prime Care would be a final judgment as to one or more parties, but fewer than all the parties in the case.

The second requirement, no just reason for delay, is also satisfied.  Since Plaintiff has moved to dismiss the remaining counts against the Szilvagyis and Prime Care, the case is against them is complete.  Thus, further developments in the case will not moot the need for review of the judgment against the Szilvagyis and Prime Care.  While the claims against the remaining Defendants are related to those against the Szilvagyis and Prime Care, the liability of the Szilvagyis and Prime Care is a separate issue from the liability of the remaining Defendants. The liability of the Szilvagyis and Prime Care will not be addressed again by the Court, and the

reviewing court will not be obliged to consider the issue a second time.

There are no counterclaims that could result in a set-off. Miscellaneous factors also weigh in favor of entering judgment. The case against the remaining Defendants is stayed pending the conclusion of a criminal trial. Thus, it is uncertain when the proceedings in this Court against all the Defendants will be completed. Since Plaintiffs have won their case against the Szilvagyis and Prime Care, they are entitled to have the judgment entered. This will also give the Szilvagyis and Prime Care an opportunity to appeal the judgment if they wish.

### V. CONCLUSION

Accordingly, for the reasons set forth above, Plaintiff's Motion for Entry of Final Judgment is GRANTED. Counts IV and V against the Szilvagyis and Prime Care are dismissed without prejudice. Pursuant to Rule 54(b), judgment on Counts I, II, and III will be entered against the Szilvagyis and Prime Care for $2,528,972.

IT IS SO ORDERED.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: January 6, 2006


CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 6, 2006.

                                                s/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290